FILED

2018 JAN 24 AM 9: 23

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

PRENTISS MCKAY,
            Plaintiff,

-vs-                                                              CAUSE NO.:
                                                                 A-17-CV-00383-SS

SCOTT & ASSOCIATES, P. C.,
MIDLAND FUNDING, LLC,
            Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause,

and specifically Defendants Midland Funding, LLC ("Midland"), and Scott & Associates, P.C.

("Scott") (collectively, "Defendants")'s Motion for Summary Judgment [#24], Plaintiff Prentiss

McKay's Response [#28] in opposition, and Defendants' Reply [#31] in support.   Having

considered the case file and the applicable law, the Court enters the following opinion and order.

### Background

This case relates to Defendants' debt collection efforts against McKay.  McKay incurred

debt on a Best Buy branded credit card, and the defaulted debt was later transferred to Midland.

*See* Resp. [#28] at 2–3.  The contract underlying the alleged debt was signed in San Antonio,

Texas.  *Id.*  Scott filed a debt collection lawsuit on behalf of Midland on November 29, 2016, in

Travis County Justice of the Peace Court, Precinct 2.  Jt. Stipulation [#23] at ¶ 1.  McKay lived

within Precinct 3 of the Travis County Justice Court & Constable Precincts when the debt

collection lawsuit was filed.  *See id.* at ¶¶ 5–6; Resp. [#28] at 2.  McKay moved to transfer the

case to Precinct 3, and Midland dismissed its debt collection lawsuit.  Compl. [#1] at ¶ 29.

McKay filed this lawsuit on April 27, 2017, alleging Defendants violated the Fair Debt Collection Practices Act (FDCPA) by filing the debt collection lawsuit in the wrong precinct of the justice court. *See* Compl. [#1] at 24–30. Defendants have moved for summary judgment on an issue of statutory interpretation. *See* Mot. Summ. J. [#24]. The motion is fully briefed and ripe for consideration.

## Analysis

### I. Legal Standard—Summary Judgment

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are

2

insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II.    Application

As indicated above, this motion involves an issue of statutory interpretation. The FDCPA limits where debt collectors may bring legal actions against consumers. *See* 15 U.S.C.A. § 1692i. For legal actions not involving real property interests, a debt collector may "bring such action only in the judicial district or similar legal entity (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." *Id.* The parties dispute "judicial district or similar legal entity" should be interpreted.

McKay's asserts Defendants violated the FDCPA by filing a debt collection action in the wrong precinct of the justice court. Compl. [#1] at 24–30. On summary judgment, Defendants argue the term "judicial district" refers to counties in Texas. Mot. Summ. J. [#24] at 4. Defendants contend they complied with § 1692i by filing their debt collection action in Travis County, the same county where McKay resided when the suit was filed. *Id.* at 6.

Unfortunately, the FDCPA does not define "judicial district or similar legal entity," and the Fifth Circuit has yet to interpret the statute in this context. In *Suesz v. Med-1 Solutions, LLC,* the Seventh Circuit held "the relevant judicial district or similar legal entity is the smallest geographic area relevant to venue in the court system in which the case is filed." 757 F.3d 636, 643 (7th Cir. 2014) (en banc), *cert denied,* 757 F.3d 636 (2014). This Court is persuaded by the analysis and reasoning in *Suesz,* including that prescribed venue-based approach (1) furthers the policy objectives of the FDCPA by discouraging abusive forum-shopping by debt collectors, (2) creates more predictability and easier application compared to other alternative approaches, (3) comports with the broad statutory language in § 1692i, and (4) adapts the venue provision in § 1692i to the varied court systems among and within the states. *See id.* at 643–48. For these reasons, the Court concludes "judicial district or similar legal entity" in the FDCPA should be interpreted as the smallest geographic area relevant to venue in the court system in which the case is filed.

In this case, Defendants elected to file their debt collection action in justice court. A precinct is the smallest geographic area relevant to venue in the Texas justice court system. *See* TEX. CIV. PRAC. & REM. CODE § 15.081–100. Thus, assuming the venue provision of the FDCPA applies in this case[1], Defendants were required to file their debt collection case in the precinct where McKay signed the contract sued upon or the precinct where McKay resided at the

---

[1] The Court declines to consider this issue as it was not raised in the instant motion.

commencement of the action. *See* 15 U.S.C.A. § 1692i; *see also Alaniz v. Law Office of Joseph Onwuteaka, P.C.*, 5:15-CV-00587-RP, 2015 WL 13545188, at *2 (W.D. Tex. Dec. 4, 2015) (citing *Suesz* in concluding defendants violated the FDCPA by filing a debt collection action in the incorrect precinct of the justice court).

## Conclusion

Accordingly,

IT IS ORDERED that Defendants Midland Funding, LLC and Scott & Associates, P.C.'s Motion for Summary Judgment [#24] is DENIED.

SIGNED this the __23rd__ day of January 2018.

SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE